USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREEM B. TAYLOR,

Plaintiff,

-against-

A&H SECURITY SERVICES, LLC,

Defendant.

25-CV-7180 (VEC)

ORDER ADOPTING
REPORT & RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 28, 2025, Plaintiff Kareem B. Taylor's Complaint stemming from the termination of his employment at Defendant A&H Security Services, LLC was removed to this Court, Dkt. 1;

WHEREAS Plaintiff filed a First Amended Complaint on September 2, 2025, Dkt. 15, and a Second Amended Complaint on January 2, 2026, Dkt. 39;

WHEREAS Plaintiff filed a Motion to Remand, Dkt. 13, and Defendant filed a Motion to Dismiss, Dkt. 7, which was updated in response to Plaintiff's Second Amended Complaint, Dkt. 40;

WHEREAS the Court referred the Motion to Remand and Motion to Dismiss to Magistrate Judge Valerie Figueredo for a Report & Recommendation ("R&R"), Dkt. 48;

WHEREAS on June 22, 2026, Judge Figueredo entered an R&R, recommending that Plaintiff's Motion to Remand be denied and Defendant's Motion to Dismiss be granted with limited leave to amend, Dkt. 58 at 25;

WHEREAS in the R&R, Judge Figueredo notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, Dkt. 58 at 25;

WHEREAS Judge Figueredo further noted that failure to file objections would result in the preclusion of appellate review, *id.*;

WHEREAS no objections were filed by any party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee Note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is adopted in full. Plaintiff's Motion to Remand is DENIED, and Defendant's Motion to Dismiss is GRANTED. As to Plaintiff's negligence (Count VII) claim, wrongful termination (Counts I–II) claim, and his claims in Counts V and VI, the dismissal is without leave to amend.[1] Plaintiff's breach of contract (Count IV) and retaliation (Count III) claims are dismissed with leave to amend. If Plaintiff chooses to amend his complaint, his Third Amended Complaint may include *only* his breach of contract and retaliation claims and must be filed **no later than August 17, 2026**. If Plaintiff chooses to file a Third Amended Complaint, he is encouraged to review carefully Judge Figueredo's R&R that

[1] For a discussion of Counts V and VI, *see* Dkt. 58 at 5–6 n.5.

explains what factual allegations must be included in his Third Amended Complaint in order to state a claim for breach of contract and retaliation, *see* Dkt. 58 at 16, 21.

Because the R&R gave the parties adequate warning, *see* Dkt. 58 at 25, the failure to file any objections to the R&R precludes appellate review of this decision, *see Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 7, 13, and 40.

**SO ORDERED.**

**Date: July 15, 2026**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**